**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00369-CR**
**NO. 09-12-00370-CR**

_____

**GILBERT BRYAN ZARAGOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 09-07309, 09-07310**

**MEMORANDUM OPINION**

In carrying out plea bargain agreements in Cause Numbers 09-07309 and 09-07310,[1] Gilbert Bryan Zaragoza pled guilty to debit card abuse and aggravated assault. *See* Tex. Penal Code Ann. §§ 22.02 (aggravated assault), 32.31 (debit card

---

[1]Although Zaragoza's cases are subject to separate appeals, we address both of the cases in one opinion because the cases share an identical reporter's record and the briefs filed in both cases are substantially similar.

1

abuse) (West 2011).[2] Under the terms of the plea-bargain agreements in each of the cases, the trial court deferred the adjudication of Zaragoza's guilt, and placed Zaragoza on community supervision for five years.

Subsequently, the State filed motions to revoke the trial court's community supervision orders. The motion filed in each case alleges that Zaragoza violated the terms of the relevant community supervision order. In both cases, Zaragoza pled "true" to having violated the community supervision orders. Based on Zaragoza's admitted violations of the orders, and after finding that the orders were violated, the trial court revoked both orders. The trial court then found Zaragoza guilty on the charge of debit card abuse in Cause Number 09-07309 and of aggravated assault in Cause Number 09-07310.

On the conviction for debit card abuse, the trial court sentenced Zaragoza to two years in state jail. On the conviction for aggravated assault, the trial court sentenced Zaragoza to eight years in prison. The trial court ordered that Zaragoza's sentences were to run concurrently.

In each appeal, Zaragoza's counsel filed a brief presenting counsel's professional evaluation of the records that conclude Zaragoza's appeals are

---

[2]Although sections 22.02 and 32.31 of the Penal Code were amended in 2009, we cite to the current version of the statutes because the subsequent amendments do not affect the outcome of these appeals.

frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On November 8, 2012, we granted an extension to allow Zaragoza time to file *pro se* briefs. Zaragoza has not filed responses.

After reviewing the appellate records in the two appeals and the briefs, we agree that no arguable issues support either appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[3]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 6, 2013
Opinion Delivered February 27, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

---

[3]Appellant may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.